Judge Robertson
delivered the opinion of the Court-.
This was a suit by Morris against Buckner, as administrator, and Jiis securities, for a devastavit.
Two questions áte preéented by the record.
1st. Whether Buckner had a right of retainer, for a debt due to himself, for $¡1296 53?
2d. Whether Buckner should be Charged with á debt to BrOwnson & Co-., with which he had been credited in his settlement with th'e county court.
Buckner had sued the heirs of his intestate, in chancery, and obtained a decree for $1296 53, ift 1824, With which he charged the assets in his hands¿ This, together, with the debt to Brownson & Co., which he claimed to have paid, and for which the county court gave him credit, made the administrator a creditor by exhausting the assets.
Morris having satisfied a judgement obtained against him, as security, in a note for the intestate, recovered a judgment for the amount against Buckner, as the administrator, in 1826; and issued a fieri facias, which was returned Mnulla bona.’’'’ He insists that his debt was of dignity, superior to that of the administrator. We think differently. Buckner’s was only a simple contract debt. The decree which he obtained against the heirs, ascertained the amount due him, and is evidence of the debt against the heirs, who were pal-ties, one of whom Morris is. Bdt, as against the assets, the dignity of the debt was not enhanced by the decree. In this respect, the only effect of the decree, was to prove the debt. Buckner had a right to retain the amount, as soon as it was ascertained by the decree, unless debts of higher grade than his, could be shewn. Morris’s debt was not superior to Buckner’s. Each was a simple contract debt. When Morris discharged the bond in which he was security, the law implied, an assump- *122 sit by the administrator, to pay him the amount. Fivé years would bar an action for it. A bill in equity, or motion, or an action of assumpsit, were the only remedies for recovering it. It could derive no ad-van*flge from the dignity of the debt, from the payment of which it resulted. The specialty had been cancelled. It no linger possessed any obligation. It was ufunctus officio.’’1 It transfered none of its dignity Morris. His Haim (or indemnity is or no higher grade than it would have been, if he had paid on]y asimple contract debt. This is expressly deci-ed 'n the case °f the justices of Mason county vs. Lee, I. Mon. 249. Many other authorities might be cited« but the proposition is so nearly self evident, as to render an array of cases unnecessary.
A person’s ourk^forVhe intestate, paid a sped-alty orjudg-does not, ipso facto, become a specialty or credito^of the estate. He is a simple creditor, and barril8hYs^ remedies for his debt. •
j° the 2d. point, we have as little difficulty. It is alleged, that the debt, for paying which, Buckner had been credited in his settlement, had been paid by the intestate; and that the administrator held the receipt, which would shew it. He was notified at the bar, during the trial, to produce the receipt. He lived not more than fifty yards from the court house; but objected to the notice for want of time. He insisted on being indulged until the next day. The court, considering this unreasonable, proceeded with the trial, and permitted parol evidence to he given of the contents of the receipt. There can be no valid ■or reasonable objection to the course adopted by the-court. The indulgence demanded by Buckner was Unreasonable.
In this the court was right. But in deciding that Buckner had no right to retain, for his own debt, because Morris’s was of superior dignity, the court erred. Whether the jury vfould have found a verdict as it did for Morris, if the court had sustained Buckner’s right of retainer, this court cannot know; and therefore, for this error of the circuit court, the verdict ought to have been set asside, and a new trial awarded.
The jury also erred in not finding the amount of assets.
Marshall, for appellant; Denny, for appellee.
If, therefore, there had been any judgment on the verdict, it would be reversed. But there is no judgment in the record.
Wherefore, the appeals must be dismissed.